Kassirer v Gotlib

2026 NY Slip Op 02154

April 9, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Isaac Kassirer et al., Plaintiffs-Respondents,

v

Joshua Gotlib et al., Defendants-Appellants.

Decided and Entered: April 09, 2026

Index No. 654664/24|Appeal No. 6314|Case No. 2025-03510|

Before: Kennedy, J.P., Kapnick, Higgitt, Michael, Chan, JJ.

Faegre Drinker Biddle & Reath LLP, New York (John L. Rockenbach of the bar of the State of Ohio and the State of Minnesota, admitted pro hac vice, of counsel), for appellants.

Sukenik, Segal & Graff, P.C., New York (Douglas Segal of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about March 31, 2025, which denied defendants' motion to dismiss the complaint, unanimously modified, on the law, to the extent of granting the motion to dismiss plaintiffs' first and second causes of action for a declaratory judgment and breach of contract, and otherwise affirmed, without costs.

The court should have granted defendants' motion to dismiss the breach of contract claim. "To establish the existence of an enforceable agreement, a plaintiff must establish an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound" (Kowalchuk v Stroup, 61 AD3d 118, 121 [1st Dept 2009]). "That meeting of the minds must include agreement on all essential terms" (id.). When "there are sufficient material terms absent" from the alleged contract, no enforceable agreement exists (Argent Acquisitions, LLC v First Church of Religious Science, 118 AD3d 441, 445 [1st Dept 2014]). Here, plaintiffs allege an oral agreement to split membership interests in a nonexistent entity that would be formed at an unspecified time and was to manage another nonexistent entity. That second nonexistent entity would, in turn, own an unspecified set of properties to be purchased at an unspecified time. Given the plethora of vague and missing material terms, the parties' purported oral agreement is plainly nothing more than an unenforceable "agreement to agree" (Srivatsa v Rosetta Holdings LLC, 213 AD3d 514, 514-515 [1st Dept 2023]). Dismissal of plaintiffs' breach of contract claim was therefore warranted on this ground, thereby rendering academic the parties' arguments regarding the applicability of the statute of frauds.

The court also improperly denied defendants' motion to dismiss the claim seeking a declaratory judgment. The desired relief — a declaratory judgment stating that plaintiff Kassirer owns one-third of the interests in defendant 685 Manager LLC and is entitled to distributions — "merely seek[s] a declaration of the same rights and obligations" arising out of the parties' unenforceable agreement (see Colfin SNP-1 Funding, LLC v Security Natl. Props. Servicing Co., LLC, 199 AD3d 406, 407 [1st Dept 2021], quoting Apple Records v Capitol Records, 137 AD2d 50, 54 [1st Dept 1988]). Thus, this claim should also have been dismissed as duplicative of the now-dismissed breach of contract claim.

[*2]

The court, however, properly denied defendants' motion to dismiss plaintiffs' unjust enrichment claim. To plead an unjust enrichment claim, "[t]he plaintiff must show that the other party was enriched, at plaintiff's expense, and that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered'" (Georgia Malone & Co., Inc. v Rieder, 86 AD3d 406, 408 [1st Dept 2011] [internal quotation marks omitted], affd 19 NY3d 511 [2012]). Assuming, without deciding, that the statute of frauds applies to the alleged oral agreement in this case, it does not preclude the claim for unjust enrichment because this claim "is not an attempt to enforce the oral contract" (see Castellotti v Free, 138 AD3d 198, 208 [1st Dept 2016]; cf. Komolov v Segal, 117 AD3d 557, 557 [1st Dept 2014]). Further, each of the elements of unjust enrichment are sufficiently pleaded. Plaintiffs allege that they enriched defendants by $1.66 million under the auspice of purchasing an interest in real estate. They then further aver that defendants have refused to either return the money to plaintiffs or recognize their ownership of the real estate. Accordingly, as pleaded, plaintiffs have stated a claim for unjust enrichment.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 9, 2026